UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-01950-CJC(RNBx)            Date: April 30, 2012

Title: GABY SEGURA v. HUNT AND HENRIQUES

PRESENT:

**HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE**

| Michelle Urie | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

None Present                                    None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER DENYING PARTIES' REQUEST FOR STAY AND DIRECTING PLAINTIFF TO SHOW CAUSE WHY CLASS CERTIFICATION SHOULD NOT BE DENIED**

**Introduction and Background**

On December 16, 2011, Plaintiff Gaby Segura filed a complaint on behalf of herself and a purported class of other similarly injured plaintiffs against Defendant Hunt and Henriques, alleging a violation of the Fair Debt Collection Practices Act ("FDCPA"). (*See* Dkt. No. 1). On February 21, 2012, Defendant Hunt and Henriques filed a motion to compel arbitration of Ms. Segura's claims based on an arbitration provision present in the credit card agreement between Ms. Segura and Citibank. (*See* Dkt. No. 4.) On March 23, 2012, the Court denied Hunt and Henriques' motion to compel arbitration. (Dkt. No. 9.) Hunt and Henriques subsequently appealed the Court's March 23, 2012 decision to the Ninth Circuit. (Dkt. No. 13.) On April 20, 2012, the parties entered into a joint stipulation to stay the case pending resolution of Hunt and Henriques' appeal to the Ninth Circuit. (Dkt. No. 14.) For the reasons provided below, the parties' request to stay the case pending appeal to the Ninth Circuit is DENIED.

**Analysis**

The district court has discretion to grant a stay following a denial of a motion to compel arbitration. *Britton v. Co-op Banking Group*, 916 F.2d 1405, 1412 (9th Cir.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-01950-CJC(RNBx)　　　　　　　　　　　　Date: April 30, 2012
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 2

---

1990). The Court considers four factors in determining whether to issue a stay: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *accord Nken v. Holder*, 129 S.Ct. 1749, 1761 (2009) and *Leiva-Perez v. Holder*, 640 F.3d 962, 964 (9th Cir. 2011). The first two factors are the most critical. *Nken*, 129 S.Ct. at 1761. The party requesting the stay bears the burden of showing that the circumstances justify the district court's exercise of its discretion in granting the stay. *Id.*

　　　The parties' joint stipulation does not address any of the factors that the Court must analyze to impose a stay. But the Court's own independent analysis indicates that a stay is not warranted. The Court does not see how Defendant has a high likelihood of success on appeal since it was not a party to the arbitration agreement and in fact came to the scene well after the time that Plaintiff and Citibank agreed that they, and only they, could compel arbitration against each other. There also will be no prejudice to the parties if the case proceeds expeditiously in this Court. This is not a complex case. There are no novel legal issues and the material facts are undisputed. The FDCPA, the statute at issue, clearly prohibits debt collectors from communicating with third parties in connection with the collection of any debt. *See* 15 U.S.C. 1692c(a). And it is undisputed Defendant left a voicemail on the answering machine of Plaintiff's boyfriend. (*See* Compl. ¶ 6, 13.) Given the straightforward legal issue and uncontroverted facts, it makes no sense for the parties to take months and spend thousands of dollars appealing the Court's decision to the Ninth Circuit. Such litigious conduct is certainly not in the public's interest.

　　　In the interests of justice and to avoid undue delay and needless expense to the Court, the public and the parties, the Court must proactively manage this case. Specifically, the Court hereby issues the following two orders to show cause:

　　　(1) Plaintiff is hereby ordered to show cause why her proposed class satisfies the commonality requirement of Rule 23(a) of the Federal Rules of Civil Procedure. Plaintiff shall file her response by May 21, 2012. Defendant shall file any opposition thereto by June 4, 2012. Plaintiff shall file the reply by June 11, 2012. The hearing on the Court's order to show cause is hereby scheduled for June 25, 2012 at 1:30 p.m.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-01950-CJC(RNBx)            Date: April 30, 2012
                                                                                     Page 3

(2) Plaintiff is also hereby ordered to show cause why partial summary judgment should be entered in her favor on the issue of Defendant's liability under the FDCPA on her individual claim against Defendant. Plaintiff shall file her response by May 21, 2012. Defendant shall file any opposition thereto by June 4, 2012. Plaintiff shall file the reply by June 11, 2012. The hearing on the Court's order to show cause is hereby scheduled for June 25, 2012 at 1:30 p.m.

jda

MINUTES FORM 11
CIVIL-GEN                                                                               Initials of Deputy Clerk MU